[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 599.]

OFFICE OF DISCIPLINARY COUNSEL *v*. FLOYD.

[Cite as *Disciplinary Counsel v. Floyd*, 1996-Ohio-76.]

*Attorneys at law—Misconduct—One-year suspension with sanction held in abeyance and attorney placed on probation for two years with conditions—Neglecting an entrusted legal matter—Prejudicing or harming a client--Engaging in conduct adversely reflecting on fitness to practice law.*

(No. 95-2532—Submitted January 24, 1996—Decided February 28, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-51.

_____

{¶ 1} In a two-count complaint filed on June 5, 1995, relator, Office of Disciplinary Counsel, charged respondent, Dixie K. Floyd of Pataskala, Ohio, Attorney Registration No. 0041110, with violations of DR 6-101(A)(3) (neglecting an entrusted legal matter), DR 7-101(A)(3) (prejudicing or damaging a client), and DR 1-102(A)(6) (engaging in conduct adversely reflecting upon her fitness to practice law). In her answer, respondent admitted some facts alleged in the complaint, denied others, and added explanations.

{¶ 2} On November 16, 1995, a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") held a hearing on the matter. The complaint, answer, stipulations, and evidence established the following.

{¶ 3} Respondent was admitted to the Ohio Bar in 1988. As to Count I, the evidence indicates that Danny L. Jones retained respondent around April 1993 to represent him in *Jones v. Chem. Mtge. Co.*, a case then pending in federal court relating to an employment matter. Respondent agreed to prepare a petition for a

writ of certiorari to the United States Supreme Court and received $1,000 in fees, and later, $557.19, as a deposit for expenses and costs, to do so.

{¶ 4} Although the filing deadline for the petition was August 8, 1993, the Clerk of the Supreme Court did not receive the petition until August 12, 1993, and, therefore, refused to accept the petition for filing. After respondent received notice that the petition was out-of-time, she failed to fully advise her client why the petition was rejected. Upon inquiry by her client, Disciplinary Counsel and others, respondent failed to fully disclose why the petition was rejected. As a result of respondent's failure to meet the deadline, Jones was unable to further pursue his claim.

{¶ 5} As to Count II, in April 1994, respondent filed a divorce complaint on behalf of a client, alleging numerous grounds, including adultery, extreme cruelty, and gross neglect of duty. In spite of the stated grounds and the complex property determinations involved, respondent presented her client as her sole witness at trial. Because of the inadequacy of respondent's evidentiary presentation, the trial court dismissed the client's complaint at the close of his case and proceeded on the defendant's counterclaim. However, because respondent failed to protect her client's interests throughout the hearing, the trial court granted a mistrial and advised relator of the circumstances resulting in the mistrial.

{¶ 6} At the panel's November hearing, respondent acknowledged responsibility for her violations. She further indicated that following the events described in Count I and because of the difficulties encountered in that representation, she began to drink heavily; eventually, she recognized that she was an alcoholic and needed treatment. In the summer of 1995, she enrolled in a three-week treatment program. Since then, she attends weekly counseling sessions and regularly attends Alcoholic Anonymous meetings.

{¶ 7} As to Count II, respondent testified that she was following the requests of her client, who wanted a divorce and was willing to give his wife everything.

However, respondent agreed that she did not adequately represent her client's interests.

{¶ 8} Consistent with the stipulations and the evidence, the panel concluded that respondent's conduct with respect to Counts I and II violated DR 6-101(A)(3), 7-101(A)(3) and 1-102(A)(6), as charged. Relator and the panel recommended that respondent be suspended from the practice of law for one year, but that this suspension be stayed and respondent be placed on probation for two years. As conditions of probation, respondent is to make restitution to Jones in the amount of $1,557.19, remain free of all mood-altering substances, enter into a contract with the Ohio Lawyers Assistance Program, Inc. and follow all of its contract requirements. The board adopted the panel's findings of fact, conclusions of law, and recommendation.

_____

*Geoffrey Stern*, Disciplinary Counsel, and *Alvin E. Mathews*, Assistant Disciplinary Counsel, for relator.

*Dixie K. Floyd*, *pro se*.

_____

***Per Curiam.***

{¶ 9} We concur with the board's findings, conclusions of law, and recommendation. Accordingly, respondent is suspended from the practice of law in Ohio for one year, but that suspension is held in abeyance and respondent is placed on probation for two years upon the conditions recommended by the board. Restitution is to be made within ninety days from this order. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER, J., dissents and would publicly reprimand respondent.

_____